NOLAND & COLLIGAN, Plaintiffs, v. DANIEL SICKLER, FRANK GOETZMAN and THE TOWN OF OGDEN, IOWA, and DANIEL SICKLER as Mayor of Ogden, Iowa, Defendants.

**Justice of the peace:** APPEAL: AMOUNT IN CONTROVERSY. The fact that the amount in controversy in a justice court is but slightly in excess of twenty-five dollars is immaterial to the right of appeal.

**Same.** The plaintiff in an action in justice court has the absolute right to fix the amount in controversy, as affecting the right of appeal, and he may exercise this election even after verdict. So that where his demand is clearly stated and includes interest from a certain date, thus rendering the judgment appealable, he can not ask the court to construe his demand as excluding interest so as to preclude an appeal, even though the interest accrued as a result of an adjournment of the cause.

*Appeal from Boone District Court.*—HON. CHARLES E. ALBROOK, Judge.

TUESDAY, NOVEMBER 15, 1910.

ACTION for damages for the value of a cow. It was begun in justice court. From a verdict and judgment for plaintiffs the defendants appealed to the district court. In the district court the plaintiffs moved to dismiss the appeal for want of jurisdiction. This motion was overruled, and a certificate of appeal granted. From such ruling the plaintiffs have appealed.—*Affirmed.*

*Ganoe & Ganoe,* for appellants.

*Frank Porter* and *Whitaker & Snell,* for appellees.

EVANS, J.—On September 7, 1909, in justice court, a verdict was rendered for the plaintiffs for $25, and judgment entered thereon. The only pleading filed in the case by plaintiffs was the original notice, wherein they claimed the sum of $25 and interest thereon from August 24, 1909. In the district court the plaintiffs' motion to dismiss the appeal was based upon the contention that the amount in controversy in the justice court did not exceed $25, and that the case was therefore not appealable. It is manifest that on the face of the pleadings the amount did exceed $25 by a few cents of interest. It is urged that this amount is so small that it should be disregarded. But the dividing line between the appealable and nonappealable case is fixed by the statute, and is necessarily arbitrary. Being arbitrary and fixed, it is always certain and ascertainable in advance, and in its practical application is quite as equitable, if not more so, than if it were elastic. The fact that the excess over $25 is only a few cents in this case is quite immaterial; a few cents being as effectual as a few dollars to confer the right of appeal. *Evans v. Murphy,* 133 Iowa, 551.

*(margin note: 1. JUSTICE OF THE PEACE: appeal: amount in controversy.)*

II.  The history of the proceedings in the case discloses that the original notice was issued on August 19th, and that the return date was fixed therein as August 24th.

2. SAME.  It is manifest that, if judgment had been rendered on the same date, the amount in controversy would not have exceeded $25.  It is urged upon us by plaintiffs that their real intent was to claim interest only after judgment, and not before, and that the notice was formulated in pursuance of such intent, and that they could not foresee that changes of venue might occur and the day of trial be postponed; and they now ask that the notice be construed as claiming interest not from August 24th, but from the day of the entry of judgment.  We can not recast the original notice.  It is without ambiguity, and we must construe it according to its terms.  If it be material to consider that the plaintiffs could not have foreseen a postponement of the trial to a later date, it is yet manifest that the plaintiffs must have known of the postponement after it was made and before the trial was had.  On September 7th they presented their original notice as their only pleading.  They could then have withdrawn their claim of interest from August 24th, if they desired to cut off the right of appeal.  They had no occasion to ask interest upon their judgment.  The statute provided for that.  On the face of the pleading at the time of the trial, verdict and judgment could have been rendered for the plaintiffs for more than $25.  If the verdict had been adverse to plaintiffs, they could have appealed.  Necessarily the same right inured to the defendants.  It rested in the election of the plaintiffs to say whether the case should be appealable or not, and they could have exercised such election, even after the verdict.  *Bateman v. Sisson,* 70 Iowa, 518; *Vorwald v. Marshall,* 71 Iowa, 576.  They did not do so.  Whether their failure to do so was by intent or through oversight is not material.  They had abundant opportunity to give expression and effect to the intent which they now

press upon our attention. The day of their opportunity is gone, and the appellate court can only take the case as it was made below. The ruling of the trial court must therefore be *affirmed*.